IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| LEONTE MACK, | ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 1:20-00102 |
| C. MARUKA, Warden, | ) ) |
| Respondent. | ) ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

**FACT AND PROCEDURE**

A.  **Criminal Action No. 8:09-cr-00247:**

On May 6, 2009, Petitioner was indicted in the United States District Court for the District of Maryland of two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count One and Four); one count of intentionally possessing with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) (Count Two); and one count of possessing a firearm and ammunition with a 20 round extended magazine in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three). United States v. Mack, Case No. 8:09-cr-00247 (D.Md. Dec. 20, 2019), Document No. 1. On January 29,

2010, following a four-day jury trial, Petitioner was convicted on all four counts. Id., Document Nos. 41 – 46. At trial, the parties stipulated that prior to December 2008, Petitioner "had been convicted by a crime punishable by imprisonment for a term exceeding one year." Id., Document No. 67, pp. 57 – 58. On April 8, 2010, the District Court sentenced Petitioner to "a total term of 120 months as to Count 1, 120 months as to Count 2 to run consecutive to Count 1, 120 months as to Count 4 to run concurrent to Count 1, and 60 months as to Count 3 to run consecutive to all counts." Id., Document No. 58.

On April 21, 2010, Petitioner filed his Notice of Appeal. Id., Document No. 60. In his appeal, Petitioner argued that the District Court erred in denying his motions to suppress an eyewitness identification and statements he made during custodial interrogation, and that the District Court imposed an unreasonable sentence. Id., Document No. 73-1. Petitioner filed a supplemental brief raising ineffective assistance of counsel. Id. By *per curiam* Opinion entered on August 11, 2011, the Fourth Circuit affirmed Petitioner's conviction and sentence. Id.; United States v. Mack, 442 Fed.Appx. 881 (4th Cir. 2011).

**B.      First Section 2255 Motion:**

On August 10, 2012, Petitioner filed in the District of Maryland a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 79. As grounds for relief, Petitioner asserted the following: (1) "Denial of the 6th Amendment right to a trial for the offenses alleged (Affecting Interstate Commerce);" (2) Due process violations (5th and 14th Amendments); (3) Ineffective assistance of counsel; and (4) Double jeopardy violation. Id., Document No. 79. On October 3, 2012, the United States filed its Response. Id., Document No. 82. On October 23, 2012, Petitioner filed his Reply. Id., Document No. 83. By Memorandum Opinion and Order filed on May 8, 2013, the District Court denied Petitioner's Section 2255 Motion. Id., Document Nos. 84

and 85. On July 15, 2013, Petitioner filed his Notice of Appeal. Id., Document No. 87. By Order entered on March 13, 2014, the Fourth Circuit remanded the case back to the District Court for the limited purpose of allowing the District Court to obtain information from the parties and to determine whether the filing of Petitioner's Notice of Appeal was timely. Id., Document No. 98. By Memorandum Opinion and Order entered on November 14, 2014, the District Court determined that Petitioner's Notice of Appeal was timely filed. Id., Document No. 107. By Judgment filed on March 5, 2015, the Fourth Circuit denied Petitioner's certificate of appealability and dismissed his appeal. Id., Document No. 108.

**C.     First Motion to Reduce Sentence:**

On October 5, 2016, Petitioner filed in the District of Maryland his Motion to Reduce his Sentence pursuant to 18 U.S.C. § 3582 based upon Amendment 782 of the United States Sentencing Guidelines. Id., Document No. 112. On October 19, 2016, the United States filed its Response. Id., Document No. 114. By Order entered on October 25, 2016, the District Court granted Petitioner's Motion and reduced his sentence from 300 months of imprisonment to 228 months of imprisonment. Id., Document No. 115.

**D.     Motion for Authorization to File Second or Successive Section 2255 Motion:**

On May 1, 2017, Petitioner filed with the Fourth Circuit a Motion for Authorization to File a Second or Successive Section 2255 Motion. In re: Leonte Demetrius Mack, Case No. 17-219 (4th Cir.), Document No. 2. By Order filed on May 25, 2017, the Fourth Circuit denied Petitioner's Motion. Id., Document No. 9.

**E.     Second Section 2255 Motion:**

On May 15, 2017, Petitioner filed in the District of Maryland his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 117. As the sole ground

for relief, Petitioner asserted counsel was ineffective in failing to challenge the "increasing of [Petitioner's] sentence for multiple firearm violations as duplicitous and unconstitutional." Mack, Case No. 8:09-cr-00247, Document No. 117. On July 18, 2017, the United States filed its Response in Opposition. Id., Document No. 120. By Memorandum Opinion and Order entered on March 29, 2018, the District Court denied Petitioner's Section 2255 Motion as successive. Id., Document Nos. 121 and 122.

**F.     Second Motion for Reduce Sentence:**

On September 18, 2019, Petitioner filed a "Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act." Id., Document No. 128. On October 30, 2019, the United States filed its Response in Opposition. Id., Document No. 131. On November 12, 2019, Petitioner filed his Reply. Id., Document No. 132. By Order entered on December 20, 2019, the District Court granted Petitioner's Motion and reduced his sentence as to Count Two from 84 months to 60 months, to run consecutive to the sentence on Count One. Id., Document No. 137. The District Court filed an Amended Judgment on December 27, 2019, stating as follows: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of 84 months as to Count 1, 60 months as to Count 2 to run consecutive to Count 1, 84 months as to Count 4 to run concurrent to Count 1, 60 months as to Count 3 to run consecutive to all counts." Id., Document No. 138.

**G.     Instant Section 2241 Petition:**

On February 3, 2020, Petitioner, acting *pro se*, filed his instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Civil Action No. 5:20-00102, Document No. 1.) In his

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v.*

Petition, Petitioner challenges the validity of his convictions under 18 U.S.C. 922(g) based upon Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id.) Petitioner explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Petitioner complains that "the trial court's instructions to the jury as to the elements required for a conviction under 18 U.S.C. § 922(g) did not include petitioner's knowledge as to his status." (Id.) Accordingly, Petitioner contends he is entitled to *habeas* relief. (Id.)

By Order entered on March 13, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Id., Document No. 7.) On April 22, 2020, Respondent filed his Response to the Order to Show Cause. (Id., Document No. 12.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner's claim is procedurally defaulted (Id., pp. 7 – 8.); and (2) Petitioner's Motion is without merit and should be denied (Id., pp. 8 – 11.).

As Exhibits, Respondent files the following: (1) A copy of Petitioner's "Judgment in a Criminal Case" as filed in Case No. 8:09-cr-0024 (Id., Document No. 12-1.); (2) A copy of the Docket Sheet from the Circuit Court for Prince George's County concerning Case No. CT960845X (Id., Document No. 12-2.); (3) A copy of the United States' Motion for Detention of Defendant as filed in Case No. 8:09-cr-0024 (Id., Document No. 12-3.); (4) A copy of the Docket Sheet from the Circuit Court for Prince George's County concerning Case No. CT001794B (Id., Document No. 12-4.); (5) A copy of Petitioner's Section 2255 Motion (Id., Document No. 12-5.); and (6) A

---

*Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

copy of the District Court's Memorandum Opinion and Order denying Petitioner's Section 2255 Motion (Id., Document No. 12-6.).

By Order and Notice entered on April 23, 2020, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Id., Document 13.) On April 30, 2020, Petitioner filed a letter-form Motion for Appointment of Counsel and for an Extension of Time to file his Reply. (Id., Document No. 14.) By Order entered on June 18, 2020, the undersigned denied Petitioner's Motion for Appointment of Counsel and granted Petitioner's Motion for an Extension of Time. (Id., Document No. 15.) Petitioner, however, failed to file a Reply.

## ANALYSIS

In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242.

Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his convictions as imposed by the District of Maryland. Petitioner alleges that his Section 922(g) convictions are invalid based upon Rehaif. In Rehaif, the United States Supreme Court considered whether under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm and had obtained the relevant status which made his possession of the firearm illegal. United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Petitioner is clearly challenging the validity of his convictions, not the manner in which his sentences are being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Petition should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides

as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the District of Maryland. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claim under Section 2241. Although a Section 2255 Motion is the

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A).

proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and

ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Petition, this Court applies Fourth Circuit procedural law and substantive law.[4] Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[4] Petitioner was convicted in the Fourth Circuit, therefore, the substantive law of the Fourth Circuit controls.

look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he could resort to Section 2241. In support of his Section 2241 Petition, Petitioner argues that his Section 922(g) convictions should be overturned in light of Rehaif. Petitioner, however, cannot satisfy the second prong of the Jones test. Specifically, Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. Courts within the Fourth Circuit have held that Rehaif did not change substantive law if the conduct for which the petitioner was convicted is still illegal and being a felon in possession of a firearm is still a valid criminal offense. See Deandre v. Adams, 2021 WL 932024, * 4 (N.D.W.Va. March 11, 2021)(collecting cases)(finding that "petitioner cannot satisfy the second condition under *Jones* because *Rehaif* did not change substantive law"); Harbin v. Streeval, 2021 WL 137843, at * 3 (W.D.Va. Jan. 14, 2021)(Petitioner's *Rehaif* claim did not meet the second criteria of *Jones*); Hoffman v. Breckon, 2020 WL 929589, at * 9 (W.D.Va. Feb. 26, 2020)(collecting district court cases in the Fourth Circuit finding that Section 2241 petitioner could not satisfy the second prong of Jones based on *Rehaif*); Swindle v. Hudgins, 2020 WL 469660, * 2 (N.D.W.Va. Jan. 29, 2020)("[T]he crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); Moss v. Dobbs, 2019 WL 7284989, * 9 (D.S.C. Sept. 23, 2019)(finding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), proposed finding and recommendation

adopted by 2019 WL 5616884 (D.S.C. Oct. 21, 2019).

Even considering Lockhart and Gary, Petitioner is not entitled to relief. In Lockhart, the Fourth Circuit determined that the failure to properly advise Lockhart of his sentencing exposure under the Armed Career Criminal Act *and* the Rehaif error "in the aggregate" were sufficient to establish prejudice for purposes of plain error review. United States v. Lockhart, 947 F.3d 187 (4th Cir. 2020). In Gary, the defendant pled guilty to possession of a firearm and ammunition by a person convicted of a felony. United States v. Gary, 954 F.3d 194 (4th Cir. 2020). Gary appealed his conviction to the Fourth Circuit. Id. While Gary's appeal was pending, Rehaif was decided by the United States Supreme Court and Gary filed a letter pursuant to Rule 28(j) asserting that the recent decision in Rehaif was relevant to his appeal. Id. at 199. In considering Gary's appeal, the Fourth Circuit acknowledged that in Lockhart, the Fourth Circuit determined that the failure to properly advise Lockhart of his sentencing exposure under the Armed Career Criminal Act and the Rehaif error "in the aggregate" were sufficient to establish prejudice for purposes of plain error review. Id. at 199-200. Thus, the Fourth Circuit considered and determined that a standalone Rehaif error satisfies plain error review because such an error was structural, which per se affects a defendant's substantial rights. Id. at 200-08. Reviewing Gary's plea challenge for plain error, the Fourth Circuit determined "that it is plain error to accept a guilty plea based on a pre-*Rehaif* understanding of the elements of a § 922(g)(1) offense." Id. at 202. Therefore, the Fourth Circuit vacated Gary's plea and conviction and remanded the case to the district court. Id. at 208. On January 8, 2021, the United States Supreme Court granted certiorari. United States v. Gary, ___ U.S. ___, 141 S.Ct. 974, 208 L.Ed.2d 510 (2021). On June 14, 2021, the Supreme Court reversed the Fourth Circuit's above judgment. Greer, *et al.* v. United States, ___ U.S. ___, 141 S.Ct. 2090, 210 L.Ed.2d 121 (2021). Specifically, the Supreme Court determined that Gary could not establish

that the Rehaif error affected his "substantial rights" pursuant to Rule 52(b). Id. at 2096-97. The Supreme Court explained as follows:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020)(Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decisions to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

Id. at 2097. The Supreme Court concluded that Gary failed to carry his burden of showing that the Rehaif error affected his substantial rights because Gary had been convicted of multiple felonies, he never disputed the fact of his prior convictions, and he admitted that he was a felon when he pled guilty. Id. at 2097-98.

In the instant case, Petitioner appears to argue that the United States did not prove, and the jury was not instructed on, the essential element that Petitioner knew he was a felon when the possessed the firearms. Respondent, however, correctly notes that due to Petitioner's guilty pleas to his prior felony convictions, and the stipulation to the same before the jury that convicted him of his Section 922(g) offenses, Petitioner cannot demonstrate that he did not know he was a felon. The record clearly reveals that during Petitioner's underlying jury trial in the District of Maryland, Petitioner stipulated that prior to December 2008, he "had been convicted by a crime punishable by imprisonment for a term exceeding one year." Mack, Case No. 8:09-cr-00247, Document No. 67, pp. 57 – 58. There is absolutely no indication that Petitioner ever disputed the fact of his prior felony convictions. See United States v. Dennis, 19 F.4th 656, fn. 3 (4th Cir. 2021)("After *Greer v.*

13

*United States* . . . , no relief could be afforded to [petitioner] unless he argued 'that he would have presented evidence at trial that he did not in fact know he was a felon.'") Concerning his prior felony convictions, the record reveals that Petitioner had prior felony convictions for robbery and reckless endangerment. Specifically, Petitioner pled guilty to two counts of reckless endangerment in 2000 in Prince George's County, Maryland, and was sentenced to five years imprisonment on both counts to run concurrently. (Document No. 12-2.) In 2002, Petitioner pled guilty to robbery and carrying a handgun in Prince George's County, Maryland, and was sentenced to ten years imprisonment. (Document Nos. 12-3 and 12-4.) Accordingly, Petitioner cannot establish that subsequent to his first Section 2255 Motion that substantive law changed such that the conduct of which he was convicted is deemed not to be criminal. See Hunter v. Quintana, 2020 WL 50399 (E.D.Ky. Jan. 3, 2020)(denying Section 2241 petition based upon *Rehaif* where petitioner stipulated to his prior felony convictions); United States v. Briscoe, 2019 WL 5549165 (D.Kan. Oct. 28, 2019))(denying *habeas* relief based on *Rehaif* where the parties stipulated to defendant's prior felony conviction and finding the instructional error to be harmless); Boose v. Marske, 2019 WL 4393077 (W.D.Wisc. Sept. 13, 2019)(denying *habeas* relief based upon *Rehaif* because, even absent a jury instruction, evidence adduced at trial established that no reasonable juror could have doubted that petitioner knew his status as a convicted felon). Based on the foregoing, the undersigned respectfully recommends that the District Court dismiss Petitioner's Section 2241 Petition.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and

**REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: September 26, 2022.



Omar J. Aboulhosn
United States Magistrate Judge